IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ALINA PATRU**, <br><br>        Plaintiff, <br><br>    v. <br><br> **CONNIE RUSH** and **HAZEL LEFLER**, <br><br>        Defendants. | Case No. 3:13-cv-00357-SI <br><br> **OPINION AND ORDER** |

**Michael H. Simon, District Judge.**

      Plaintiff Alinda Patru moves to amend her complaint to assert two additional claims under 42 U.S.C. § 1983 (for violation of her First Amendment and Fourteenth Amendment rights) and to add six additional defendants (Marie Cervantes, Trevin Butler, Rey Naravaiz, Alex Polk, Ann McMichael, and Randy Mifflin). Defendants Connie Rush and Hazel Lefler (collectively "Defendants") argue that the Court should deny Plaintiff's motion to amend as futile because the additional claims are time barred and do not relate back to Plaintiff's original claims, and because the additional defendants did not have notice under Rule 15(c). For the reasons that follow, the Court grants in part and denies in part Plaintiff's motion to amend.

PAGE 1 – ORDER

**STANDARDS**

Federal Rules of Civil Procedure Rule 15(a)(2) allows a party to amend its pleadings "with the opposing party's written consent or the court's leave." Fed. R. Civ. Proc. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* A district court "'determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (quoting *William O. Gilley Enter. v. Alt. Richfield Co.*, 588 F.3d 659, 669 n.8 (9th Cir. 2009)). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). An amendment can be futile when it is barred by the statute of limitations. *Sackett v. Beaman*, 399 F.2d 884, 892 (9th Cir. 1968) (holding that the district court did not abuse its discretion by denying leave to amend when the applicable statute of limitations barred the plaintiff's claim).

**BACKGROUND**

Plaintiff's original complaint alleged a single cause of action, under 42 U.S.C. § 1983, against two employees of the Oregon Department of Human Services ("DHS") relating to DHS's processing of Plaintiff's application for a license to admit ventilator-dependent residents to her adult foster home. Plaintiff claimed that the Defendants' delay in processing her ventilator license violated Plaintiff's due process rights under the Fourteenth Amendment. After conducting discovery, Plaintiff now believes that six additional DHS employees were involved in violating Plaintiff's constitutional rights. Plaintiff seeks to add these employees as defendants to this case. Plaintiff further seeks to amend her complaint to add two additional claims—alleging that Defendants' and the six DHS employees' actions delaying the processing of the ventilator license were taken in retaliation against Plaintiff's protected speech under the First

Amendment, and that these actions were discriminatory in violation of the Equal Protection Clause of the Fourteenth Amendment.

## DISCUSSION

### A. Timeliness of New Claims

#### 1. Plaintiff's Claims Accrued More Than Two Years Ago

Plaintiff argues that the two additional § 1983 claims are timely. Defendants argue that federal law governs the accrual of § 1983 claims and that the statute of limitations has run.

For actions under 42 U.S.C. § 1983, federal courts apply state statute of limitations periods for personal injury suits. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In Oregon, the personal injury statute of limitations is two years. Or. Rev. Stat. § 12.110(1). Accrual of § 1983 claims are governed by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("While we have never stated so expressly, the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law.") (emphasis in original). Under federal law, a claim accrues when the plaintiff "knows or has reason to know of the injury that is the basis of the action." *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012). A plaintiff need not know that the injury was a result of a legal wrong or who caused the injury for the action to accrue. *See Coppinger-Martin v. Solis*, 627 F.3d 745, 749 (9th Cir. 2010) ("We have previously held, in the context of civil rights claims under 42 U.S.C. §§ 1981, 1983, 1985, and 1986, that a plaintiff's claim accrues when the plaintiff learns of the 'actual injury,' i.e., an adverse employment action, and not when the plaintiff suspects a 'legal wrong,' i.e., that the employer acted with a discriminatory intent."); *Davis v. United States*, 642 F.2d 328, 331 (9th Cir. 1981) ("In the absence of fraudulent concealment it is plaintiff's burden, within the statutory period, to determine whether and whom to sue.").

PAGE 3 – ORDER

Plaintiff's alleged injuries stem from the delay of receiving a license to admit ventilator-dependent patients into her adult foster home. Her injuries, lost income and emotional distress from the delay, should have been apparent no later than the day Plaintiff received the license. Therefore, Plaintiff's claims accrued in October 2011 (when her license was issued), more than two years ago.

### 2. Continuing Violation

Plaintiff next argues that Defendants' actions amount to a continuing violation, and therefore, these claims are not time barred. Defendants respond that the facts alleged by Plaintiff do not support a continuing violation because they are not a "systemic policy or practice."

Under the doctrine of continuing violation, "[a] plaintiff has adequately pled an ongoing claim if she can show a systemic policy or practice that operated, in part, within the limitations period—a systemic violation." *Mansourian v. Regents of Univ. of Cal.*, 602 F.3d 957, 973-74 (9th Cir. 2010) (quotation marks omitted). Plaintiff's assertion that Defendants first delayed issuing the ventilator license and then delayed in approving Plaintiff's first ventilator-dependent resident, even if accepted as true, does not amount to a "systemic violation." Instead, Plaintiff alleges two separate actions by the Defendants and other DHS employees—first the delay of her ventilator license and then the delay of approving her first ventilator dependent patient. Plaintiff has not provided evidence of any "systemic policy or practice." Therefore, in order for Plaintiff's new claims to survive the statute of limitations, they must related back.

### 3. Relation Back for Existing Defendants

Plaintiff's third argument is that her new claims alleging violations of the First Amendment and Equal Protection Clause relate back to her original Due Process Clause claim. Defendants argue that the added claims do not arise "out of the conduct, transaction, or

PAGE 4 – ORDER

occurrence set out—or attempted to be set out—in the original pleading," Fed. R. Civ. P. 15(c)(1)(B), and therefore do not relate back.

A claim arises out of the same conduct, transaction, or occurrence if it "share[s] a common core of operative facts such that the plaintiff will rely on the same evidence to prove each claim." *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008) (holding that there was no common core of operative facts between a compensation discrimination claim and promotion discrimination, hostile work environment, and retaliation claims) (citation and quotation marks omitted). For a claim to relate back if must arise from "the same general conduct, transaction, [or] occurrence" as the original claim. *Tillman v. Atl. Coast Line R. Co.*, 323 U.S. 574, 581 (1945). In this case, all three of Plaintiff's claims arise from the same "general conduct"—Defendants' actions in delaying the issuance of Plaintiff's ventilator permit. Therefore, Plaintiff's First Amendment and Equal Protection Clause claims relate back, and Plaintiff is granted leave to amend her complaint to add these new claims.

## B.  Addition of New Defendants

Plaintiff also seeks to amend her complaint to add six new defendants: Marie Cervantes, Trevin Butler, Rey Naravaiz, Alex Polk, Ann McMichael, and Randy Mifflin. After conducting several depositions, Plaintiff asserts that she discovered that these DHS employees, in addition to the two original Defendants, were involved in unlawfully delaying her ventilator license.

When a plaintiff seeks to amend the party against whom a claim is asserted, three conditions must be met for the claim to relate back: (1) the amendment must assert a "claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading"; (2) the new party to be brought in by amendment must have "received such notice of the action that it [would] not be prejudiced in defending on the merits"; and (3) the new party to be brought in by amendment "knew or should have known that the

PAGE 5 – ORDER

action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(B)-(C).

Defendants argue that the second and third elements of Rule 15(c) are not satisfied in this case because the six additional DHS employees did not have notice that they would be defendants in this litigation and because there was no "mistake" that the DHS employees should have been aware of. Defendants further argue that the fact that Plaintiff did not know before discovery which DHS employees were involved in the issuance of Plaintiff's license is not relevant. *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548-49 (2010) (discussing how the plaintiff's knowledge of the proper party is not directly relevant to the inquiry under Rule 15(c)(1)(C)—but only relevant "if it bears on the proposed defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity").

Plaintiff counters that the additional DHS employees had notice of the lawsuit because they all worked for the same office and were aware of the litigation. Plaintiff further argues that Defendants should have known that Plaintiff mistakenly did not include all of these DHS employees, particularly considering that Marie Cervantes was the final decision maker regarding the issuance of ventilator licenses and the direct supervisor of the two named Defendants, Connie Rush and Hazel Lefler. In response, Defendants argue that although the six DHS employees knew that the lawsuit was moving forward, they did not have notice that they themselves would be anything more than just witnesses in the lawsuit.

The Court finds that Marie Cervantes, as the supervisor and final decision-maker regarding ventilator licenses, both received adequate notice of the lawsuit and "should have known that the action would have been brought against [her], but for a mistake." *See* Fed. R. Civ. P. 15(c)(1)(C). The other DHS employees, who were not supervisors or final decision-makers,

PAGE 6 – ORDER

and it appears were somewhat marginally involved in processing the ventilator licenses, did not receive adequate notice that they might be defendants in this lawsuit and would not have known that but for a mistake, they would have been named. Therefore, the Court will allow Plaintiff to add Marie Cervantes as a defendant in the amended complaint.

## CONCLUSION

The Court GRANTS IN PART and DENIES IN PART Plaintiff's motion to amend (Dkt. 32). Plaintiff will be allowed to amend her complaint to add claims for violation of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment and to add Marie Cervantes as a defendant.

**IT IS SO ORDERED.**

DATED this 13th day of August, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge