IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ALINA PATRU**,<br><br>        Plaintiff,<br><br>      v.<br><br>**CONNIE RUSH, HAZEL LEFLER, and MARIE CERVANTES, in their personal capacities**,<br><br>        Defendants. | Case No. 3:13-cv-00357-SI<br><br>**OPINION AND ORDER** |

Martin Dolan, DOLAN GRIGGS LLP, 1130 S.W. Morrison, Suite 630, Portland, OR 97205. Of Attorneys for Plaintiff.

Ellen Rosenblum, Attorney General, Stacy C. Posegate, Attorney in charge, Craig M. Johnson, Assistant Attorney General, DEPARTMENT OF JUSTICE, 1162 Court Street, Salem, OR 97301-4096. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

      Alina Patru ("Plaintiff") brings this action under 42 U.S.C. § 1983, alleging violations of Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution. Plaintiff asserts one claim alleging violations of her due process rights, one claim alleging violations of her equal protection rights, and one claim alleging First Amendment retaliation. Defendants Connie Rush, Hazel Lefler, and Marie Cervantes (collectively, "Defendants") move

PAGE 1 – OPINION AND ORDER

to dismiss Plaintiff's due process claim and equal protection claim for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, Defendants request that the Court order Plaintiff to make her complaint more definite and certain pursuant to Federal Rule of Civil Procedure 12(e). For the reasons discussed below, Defendants' motion is GRANTED in part and DENIED in part.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial

PAGE 2 – OPINION AND ORDER

plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

## BACKGROUND

Plaintiff is an Adult Foster Home ("AFH") provider in Washington County and has held a Class 3 AFH license since May 22, 2008. Defendants are employees of the Oregon Department of Human Services ("DHS") and are responsible for reviewing and approving ventilator-dependent care applications ("VCAs") needed to care for ventilation-dependent residents. In her complaint, Plaintiff alleges that on or about December 4, 2009, Plaintiff filed a VCA with DHS so that Plaintiff could house ventilation-dependent residents. Pl.'s Sec. Am. Compl. ¶ 10, Dkt. 48. Plaintiff alleges that she was qualified and that she met all of the requirements to care for ventilation-assisted patients under Oregon Administrative Rule ("OAR") 411-050-0491, *id.* ¶ 12, but that Defendants did not approve her VCA until October 11, 2011, *id.* ¶ 17.

Plaintiff alleges that DHS's established practice and procedure is to process VCAs within 60 days—the timeframe that DHS processes AFH licenses. *Id.* ¶ 9. Plaintiff also alleges that DHS approved other providers for ventilator-assisted care based on the providers' previous experience with ventilator-assisted persons. *Id.* ¶ 13. Plaintiff claims that Defendants did not approve her VCA for almost two years because Plaintiff had previously made verbal and written objections to citations she had received from DHS in 2009, 2010, and 2011. *Id.* ¶ 14-15. Plaintiff alleges that Defendants acted individually or in concert to deny Plaintiff's application because Plaintiff engaged in this protected activity. *Id.* ¶ 32. Plaintiff further alleges that she objected to the delay of the approval of her VCA and communicated her objections to Defendants on numerous occasions during the pendency of her application. *Id.* ¶ 16. Plaintiff contends that as a result of the delay, she suffered economic damages in the form of lost income and emotional

PAGE 3 – OPINION AND ORDER

distress. *Id.* ¶ 25-26, 34-35. She seeks compensatory economic damages of $74,200 and damages for emotional distress of $125,000.

## DISCUSSION

Before the Court is Defendants' motion to dismiss Plaintiff's claims for violations of procedural due process, substantive due process, and equal protection.[1] Defendants argue that Plaintiff does not have a constitutionally protected property interest in a VCA approval. Therefore, Defendants argue, Plaintiff's due process and equal protection claims must be dismissed. In the alternative, Defendants argue, Plaintiff's procedural due process claim fails because Oregon law provided Plaintiff with all the process that was due. The Court addresses each of Plaintiff's claims in turn.

**A. Procedural Due Process**

Defendants argue that Plaintiff does not have a constitutionally protected property interest because Oregon law does not afford Plaintiff a legitimate claim of entitlement to a VCA approval. Plaintiff responds that she has a legitimate claim of entitlement to the approval because the plain language of the governing rule mandates VCA approval when the applicant meets certain criteria.

To have a property interest in a government benefit, an individual "clearly must have more than an abstract need or desire for [the benefit]. He [or she] must have more than a unilateral expectation of it. He [or she] must, instead, have a legitimate claim of entitlement to it." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). Property interests can be

---

[1] Defendants state that it is unclear from Plaintiff's complaint whether Plaintiff asserts a claim for procedural or substantive due process. Because the Court analyzes Plaintiff's pleadings to include both procedural and substantive due process claims and because the Court dismisses Plaintiff's procedural due process claim, it is not necessary to instruct Plaintiff to amend the complaint to make her due process claim more definite and certain.

"created and their dimensions [] defined by existing rules or understandings that stem from an independent source such as state law rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Foss v. Nat'l Marine Fisheries Serv.*, 161 F.3d 584, 588 (9th Cir. 1998) (quotation marks omitted).

The United States Court of Appeals for the Ninth Circuit has held that "state law creates a 'legitimate claim of entitlement' when it 'imposes significant limitations on the discretion of the decision maker.'" *Gerhart v. Lake Cnty., Mont.*, 637 F.3d 1013, 1019 (9th Cir. 2011) (quoting *Braswell v. Shoreline Fire Dept.*, 622 F.3d 1099, 1102 (9th Cir. 2010)). State law imposes significant limitations on the discretion of the decision maker when it sets forth articulable standards that mandate an outcome. *See*, *e.g.*, *Barry v. Barchi*, 443 U.S. 55 (1979). "In some cases, even an unparticularized criterion may still contribute to the creation of a property interest if it is accompanied by other, more particularized criteria." *Doyle v. City of Medford*, 606 F.3d 667, 674 (9th Cir. 2010); *see also Wedges/Ledges of Cal., Inc. v. City of Phx., Ariz.*, 24 F.3d 56, 63 (9th Cir. 1994) ("Although the Code directs the City Treasurer to consider all 'relevant information' when making its determination, it does not allow the City Treasurer to rest its decision on anything other than the 'game of skill' determination; the Code does not provide any open-ended discretionary factors."); *Parks v. Watson*, 716 F.2d 646, 657 (9th Cir. 1983) ("The first two conditions are factual, involving no discretion. We believe that a determination as to whether the public interest will be prejudiced, while obviously giving a certain amount of play in the decisional process, defines an articulable standard."); *Grabhorn v. Metro. Serv. Dist.*, 624 F. Supp. 2d 1280, 1288 (D. Or. 2009) ("The Metro Code does provide specific criteria that the Council *shall* consider, but some of the criteria are quite subjective and require predicting future events, such as the 'expected impact on the region's recycling and waste reduction efforts.' . . . I

conclude that the Metro Code sections at issue are sufficiently mandatory to create a constitutionally protected property interest.") (emphasis in original).

Defendants argue that the Oregon law at issue does not mandate an outcome for two reasons: first, the statute leads with the term "may," and second, the statute contains subjective criteria. Defendants argue that both of these characteristics of the administrative rule demonstrate that DHS has discretion to approve an application for ventilator-dependent residents, and therefore the standards are not sufficiently particular to create a property interest in a VCA approval.

The pertinent portion of Oregon Administrative Rule ("OAR") 411-050-0443[2] reads:

> A licensee may be approved to care for ventilator-dependent residents. This approval shall be granted by the Division's Central Office if the licensee, resident manager, and shift caregivers, as applicable, meet the criteria for a Class 3 home according to section (1)(e) of this rule, and comply with the additional requirements for adult foster homes serving ventilator-dependent residents. (See OAR 411-050-0491).

Further, as OAR 411-050-0443 notes, OAR 411-050-0491 sets forth additional criteria, including in relevant part:

> Adult foster homes that provide ventilator care for residents must meet the following requirements.
>
> (1) QUALIFICATIONS. Licensees must meet and maintain compliance with OAR 411-050-0440. In addition:
>
>     (a) The applicant or licensee, as applicable, must demonstrate competency in providing care for ventilator-dependent residents.

---

[2] Defendants note that DHS has since amended the statute and that the "mandatory language has been removed." Defendants concede, however, that the statute at issue in this case is the 2012 version. The Court will only address the 2012 version of the statute and will not reference the amended version to interpret or analyze the version at issue.

PAGE 6 – OPINION AND ORDER

>    (b) The applicant or licensee, as applicable, must operate the class 3 home in substantial compliance with these rules for at least one year.
>
>    (c) The applicant or licensee, as applicable, must complete Division-approved training pertaining to ventilator-dependent residents and other training as may be required.

Defendants specifically point to requirement (1)(a) and argue that determining "competency" is a subjective criterion and evidence that DHS has discretion in approving a VCA.

Here, the statute contains both particularized and unparticularized criteria. Thus, the placement of the terms "may" and "shall" in the statute is important. The statute specifies that a licensee may be approved to care for ventilator-dependent residents. The statute, however, directs that the Division's Central Office shall issue a VCA approval once the licensee meets the articulated criteria. It thus follows that "may" pertains to the licensee, indicating that a licensee may or may not receive an approval based on whether the applicant meets the outlined criteria. The "shall" pertains to the Division's Central Office, instructing DHS to approve an application if the licensee meets the criteria outlined in the administrative rule. Therefore, the plain language of the rule mandates an outcome: once a licensee meets the criteria, the approval must be granted by DHS.

Further, although the requirements of OAR 411-050-0491 contain criteria that may require DHS to make certain determinations, such as whether an applicant is "competent," the rule in its entirety sets out an articulable standard that mandates an outcome. In other words, even though DHS may have a "certain amount of play in the decisional process," the regulation does not afford DHS discretion for approval beyond the standard articulated by the statute. *Parks*, 716 F.2d at 657; *Wedges/Ledges*, 24 F.3d at 63. The rule mandates that if the applicant meets the listed requirements, DHS *shall* grant an approval. An applicant thus has a legitimate claim of entitlement to a VCA approval once he or she meets the requisite qualifications.

PAGE 7 – OPINION AND ORDER

Therefore, the statutory scheme places substantive restrictions on DHS's actions so as to confer due process rights.

After it is determined that due process applies, the question then becomes what process was due. *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). This case deviates from the typical due process claim in that Plaintiff's claim is couched in terms of whether she should have been afforded certain process before the agency made a definitive determination regarding a benefit to which Plaintiff was only arguably entitled to at a certain time. Further, Plaintiff complains only of the delay in receiving approval of the VCA because her VCA was eventually approved by DHS. Courts have been reluctant to find due process violations for administrative delay. *See*, *e.g.*, *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 547 (1985); *N.Y. State Nat. Org. for Women v. Pataki*, 261 F.3d 156, 175 (2d Cir. 2001); *Machado v. Leavitt*, 542 F. Supp. 2d 185, 196 (D. Mass. 2008). "Nonetheless, there are circumstances under which administrative delay may be so severe that it amounts to a procedural due process violation." *Badgett v. D.C.*, 925 F. Supp. 2d 23, 32 (D.D.C. 2013); *see also Loudermill*, 470 U.S. at 547 (recognizing that a delay in post-termination hearing could become a constitutional violation when the hearing is unreasonably prolonged, but holding that a nine-month adjudication was not unconstitutionally lengthy *per se*); *Schroeder v. City of Chi.*, 927 F.2d 957, 960 (7th Cir. 1991) ("Justice delayed is justice denied, the saying goes; and at some point delay must ripen into deprivation, because otherwise a suit alleging deprivation would be forever premature."). "Thus, even before the state makes a definitive decision as to entitlement, the road to that determination must be paved by due process." *Kraebel v. N.Y.C. Dep't of Hous. Pres. & Dev.*, 959 F.2d 395, 405 (2d Cir. 1992) (noting that there is no bright-line rule to determine when a delay becomes unconstitutional and

declining to conclude that a year-and-a-half delay in approving an application for a tax exemption and tax abatement was constitutionally reasonable).

The Court need not decide whether Plaintiff's two-year delay in receiving a VCA approval is sufficient to sustain a procedural due process claim, however, because Plaintiff failed to avail herself of available state process. Where safeguards exist to obviate prejudice from a procedural delay and a plaintiff does not take advantage of those safeguards, no constitutional violation occurs. *See*, *e.g.*, *Irish v. S.E.C.*, 367 F.2d 637, 637-39 (9th Cir. 1966) ("He could have earlier petitioned a court to compel the Commission to expedite its proceedings."); *Pataki*, 261 F.3d at 169 (holding that a plaintiff who failed to use available state administrative procedures, which could have been invoked before actual prejudice arose, could not prevail on a claim for procedural due process); *Licari v. Ferruzzi*, 22 F.3d 344, 349 (1st Cir. 1994) (affirming summary judgment for a procedural due process claim regarding delay and finding that state procedures in place for an agency's failure to act were constitutionally sufficient); *Woods View II, LLC v. Kitsap Cnty.*, 282 F. App'x 160, 162 (9th Cir. 2012) ("[M]eaningful post-deprivation remedies were available to address Appellees' failure to act by the statutory deadline. Such post-deprivation remedies were sufficient to satisfy procedural due process.") (citation omitted); *Gallo v. Miller*, 983 F.2d 1076, *1 (9th Cir. 1993) (unpublished table decision) ("Because the state of Nevada makes available to Gallo adequate post-deprivation remedies under Nevada Rev. Stat. §§ 73.010 and 41.036 (1989), he cannot state a claim upon which relief can be granted under the procedural component of the Due Process Clause of the Fourteenth Amendment."); *Badgett*, 925 F. Supp. 2d at 32 (holding that the plaintiffs' claim for procedural due process must fail because plaintiffs could have sought a writ of mandamus under D.C. Court of Appeals Rule 21 to compel agency action).

Here, even if the Court were to assume that Plaintiff was deprived of a property interest at the time Plaintiff alleges,[3] Plaintiff was not without recourse for DHS's delay. Plaintiff could have petitioned the circuit court under Oregon Revised Statute ("ORS") § 183.490 to compel DHS to act. ORS § 183.490 permits an individual to compel an agency to act when the agency "unlawfully refuse[s] to act or make a decision or *unreasonably delay[s] taking action or making a decision*." (emphasis added). Doing so would have prevented prejudice from the delay. Given that the procedural remedy set forth in ORS § 183.490 was available to Plaintiff and Plaintiff did not avail herself of that process, Plaintiff's claim for procedural due process is dismissed with prejudice.

## B. Substantive Due Process

Although Plaintiff cannot proceed with her procedural due process claim, Plaintiff is not foreclosed from adequately pleading a substantive due process violation. "It is well-established that the procedural and substantive requirements of the due process clause are analytically distinct—a procedurally flawed policy can pass substantive muster, and, conversely, a procedurally flawless policy can be substantively unacceptable." *Wedges/Ledges*, 24 F.3d at 66. Because the Court finds that Plaintiff has a property interest in a VCA approval, Plaintiff can maintain a substantive due process claim for delay.

In the Ninth Circuit, a plaintiff can maintain a substantive due process claim for a delay if the plaintiff alleges a delay in processing that lacks a rational relationship to a government interest. *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 485 (9th Cir. 2008); *see also Crown Point Dev., Inc. v. City of Sun Valley*, 506 F.3d. 851, 856 (9th Cir. 2007); *Christensen v. Yolo County Bd. of Supervisors*, 995 F.2d 161, 165 (9th Cir. 1993). A plaintiff, however, "must

---

[3] Plaintiff alleges that she was entitled to have her VCA approved two months after she submitted the application. Pl.'s Sec. Am. Compl. ¶ 9, Dkt. 48.

establish a deprivation of property that shocks the conscience or interferes with rights implicit in the concept of ordered liberty." *Piefer Const., Inc. v. City of Tacoma*, 2010 WL 3502562, at *3 (W.D. Wash. Sept. 3, 2010) (citing *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998)).

Here, Plaintiff alleges that Defendants purposefully delayed the processing of Plaintiff's VCA because Plaintiff had previously filed complaints with DHS, orally complained about DHS, and hired attorneys to aid in her disputes with DHS. These factual allegations are sufficient to survive a motion to dismiss because they plausibly suggest an entitlement to relief. Viewing the well-pleaded material facts in the light most favorable to Plaintiff, Defendants may be liable for a violation of Plaintiff's substantive due process rights. A reasonable fact finder may be able to conclude that the agency's delay was an interference with Plaintiff's property rights and that the interference was irrational or arbitrary. Although the Defendants may provide evidence at summary judgment or at trial that the delay was related to a legitimate government interest, at this stage the Court finds that Plaintiff has adequately alleged that Defendants purposefully delayed the processing of Plaintiff's VCA for a non-governmental purpose.

## C. Equal Protection – "Class of One"

Plaintiff also adequately pleads an equal protection claim. Typically, a plaintiff alleges a violation of the Equal Protection Clause of the Fourteenth Amendment by pleading that the defendants acted with an "intent or purpose to discriminate" against the plaintiff based on the plaintiff's membership in a legally protected class. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). The Supreme Court has recognized, however, that a plaintiff can bring an equal protection claim based on a "class of one" theory, *i.e.*, that the plaintiff has been irrationally singled out. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see also* Gerhart v. Lake Cnty., Mont., 637 F.3d 1013, 1021 (9th Cir. 2011). "In order to claim a violation of equal

PAGE 11 – OPINION AND ORDER

protection in a class of one case, the plaintiff must [plead] that the [government entity] intentionally, and without a rational basis, treated the plaintiff differently from others similarly situated." *North Pacifica*, 526 F.3d at 486; *see also Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008).

Plaintiff alleges that it was DHS's established pattern and practice to approve VCAs within 60 days and that Defendants deviated from that pattern and practice in retaliation against Plaintiff. Plaintiff also alleges that Defendants acted individually or in concert to delay Plaintiff's application and subjected her to "additional and more onerous requirements" than other similarly situated applicants. Plaintiff's factual allegations are thus sufficient to survive a motion to dismiss because they plausibly suggest an entitlement to relief. A reasonable fact finder may be able to conclude that Defendants irrationally singled out Plaintiff in the VCA approval process because of Plaintiff's previous complaints directed at DHS. Defendants may provide evidence at summary judgment or at trial that the delay was related to a legitimate government interest and that Plaintiff was not treated differently than other similarly situated applicants. At this stage, however, the Court finds that Plaintiff has adequately alleged an equal protection claim.

## CONCLUSION

Defendants' motion to dismiss (Dkt. 49) is GRANTED in part and DENIED in part. Defendants' motion to dismiss Plaintiff's procedural due process claim is GRANTED. Defendants' motion to dismiss is DENIED in all other respects.

**IT IS SO ORDERED**.

DATED this 4th day of May, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 12 – OPINION AND ORDER